UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **CV 16-01921 RGK (AFMx)** | Date: March 24, 2016 |
| Title **Ocean Development, Inc. v. Ruby Wyatt and Does 1 to 10** | |

Present: The Honorable: R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon Williams | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)   **ORDER REMANDING MATTER TO STATE COURT**

   On February 19, 2016, Ocean Development, Inc. ("Plaintiff") instituted unlawful detainer proceedings against Ruby Wyatt and Does 1 to 10 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 1026 W. 84th Place, Los Angeles, CA 90044 (the "Property") that is owned by Plaintiff. Defendant is the former owner of the Property, who lost the Property through foreclosure on or about August 4, 2015. (Complaint, ¶ 5.) Defendant has remained in possession of the Property and on February 8, 2016, was served with a 3-Day Notice to Quit which expired on February 11, 2016. (Complaint, ¶¶ 7, 8.) Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit. Plaintiff estimates the fair rental value of the Property as $100.00 per day. Defendant removed the action to this Court on March 21, 2016. Defendant asserts federal question jurisdiction in this Court, apparently intending to raise a due process defense in the case. Diversity jurisdiction is not alleged

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **CV 16-01921 RGK (AFMx)**                                             Date:

Title      **Ocean Development, Inc. v. Ruby Wyatt and Does 1 to 10**

    Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

    Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 -- well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for ongoing damages at a rate of $100.00 per day from February 12, 2016. Defendant has made no plausible allegations showing how those damages would exceed $75,000.

    The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc: Pro Se Defendant

 

**Initials of Preparer**     sw